IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
PURVI PETROLEUM III, )
LLC, DEBTOR ) DISTRICT COURT NO. 3-12-0177
) JUDGE CAMPBELL
)
MAZAHIR H. HAMADANI )
)
v. )
) BANKRUPTCY COURT NO.
GARY M. MURPHEY, TRUSTEE ) 3-04-bk-4423-MH-11
)

MEMORANDUM

Pending before the Court is an appeal of the following Bankruptcy Court Orders:

(1) Order of November 29, 2011, granting Chapter 11 Trustee's Motion for Final Decree (Docket No. 1, Ex. 42);

(2) Order of December 2, 2011, denying Appellant's Motion to Vacate and request for a hearing (Docket No. 1, Ex. 43);

(3) Order of December 2, 2011, resolving Appellant's Objection to an Order submitted by the Trustee (Docket No. 1, Ex. 44); and

(4) Order of February 8, 2012, striking items 47-51 from Appellant's designation of the record on appeal (Docket No. 1, Ex. 56).

Also pending before the Court are the Trustee's Motion to Strike Late-Filed Documents Filed by Appellant (Docket No. 12), and Appellant's request for oral argument (Docket No. 21, p.9).

For the reasons stated herein, the Orders of the Bankruptcy Court referenced above are AFFIRMED. The Trustee's Motion to Strike is GRANTED, and the Appellant's request for oral argument is DENIED.

## STANDARD OF REVIEW

The Court has jurisdiction to hear appeals of final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). On appeal from a Bankruptcy Court, a district court applies the clearly erroneous[1] standard of review to findings of fact and reviews questions of law *de novo*. Bankruptcy Rule 8013; *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004); *Messick v. Ascend Federal Credit Union*, 424 B.R. 344, 345 (E.D. Tenn. 2010).

The district court may affirm, modify or reverse a bankruptcy judge's order or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given the opportunity of the bankruptcy court to judge the credibility of witnesses. Fed. R. Bankr. Proc. 8013.

## ISSUES ON APPEAL

The issues to be determined on this appeal are:

(1) whether the Bankruptcy Court properly granted the Trustee's Motion to close the bankruptcy case;

(2) whether the Bankruptcy Court properly denied Appellant's Motion for a hearing on his Motion to Vacate;

---

[1] "Clearly erroneous" has been defined as against the clear weight of the evidence or if the court is left with the definite and firm conviction that a mistake has been committed. *In re Dino's, Inc.*, 183 B. R. 779, 781 (S.D. Ohio 1995).

2

(3) whether the Bankruptcy Court properly denied Appellant's Motion to Vacate; and

(4) whether the Bankruptcy Court properly struck certain items from Appellant's designation of the record on appeal.

## DISCUSSION

The bankruptcy petition of Purvi Petroleum III, LLC ("Debtor") was filed on November 30, 2004. Appellant claims to have held a five percent (5%) interest in the Debtor. The Bankruptcy Court found that Appellant transferred all of his ownership interest and rights in the Debtor to Jayesh Patel in 2005. Docket No. 1, Ex. 42. Appellant claims that Patel gave Appellant two notes in exchange for his interest in the Debtor, one for $5,000.00 and one for $245,000.00. Docket No. 21, p. 8.

In a separate state court action, Appellant has sued Patel for failure to pay on those notes.[2] The Complaint in that action alleges that Jayesh Patel, "in consideration of the Plaintiffs' [including Appellant] transferring to [Defendant Patel] all of their membership and ownership interest in Purvi and all of their rights with respect to Purvi, executed promissory notes in favor of the Plaintiffs." Docket No. 1, Ex. 42, Ex. 1. The Third Amended Complaint in the state court action states: "On May 25, 2005, Plaintiff Mazahir Hamadani executed a document wherein he transferred all of his membership and ownership interest and rights in Purvi to Defendant Jayesh Patel for the benefit of Kwik Sak Management, LLC." Docket No. 1, Ex. 42, Ex. 2. The Bankruptcy Court relied upon both these documents.

---

[2] *Patel et al. v. Patel, et al.,* Circuit Court for Rutherford County, Tennessee, Case Nos. 56020 and 56646.

The Bankruptcy Court's finding that Appellant had transferred all his ownership interest and rights in the Debtor in 2005 is not clearly erroneous. Because he sold his interest, Appellant had no standing to challenge the Order closing the bankruptcy case or the Sale Order, which was the subject of Appellant's Motion to Vacate. That Sale Order, as found by the Bankruptcy Court, was entered on August 30, 2006, *after* Appellant had transferred his interest in the Debtor and more than five years before Appellant tried to challenge it. Appellant was no longer an equity holder.[3]

To have standing to seek the requested relief, Appellant had to have a personal stake in the outcome of the controversy. *In re Strausbough*, 421 B. R. 423, 425 (E.D. Mich. 2009). Appellant had no stake or interest in the Debtor after the sale of his interest.[4] Having no standing to challenge the actions of the Bankruptcy Court or the Trustee, Appellant was also not entitled to a hearing.

Appellant argues that the Bankruptcy Court erroneously closed the bankruptcy case before dealing with Appellant's pending Motion. The Order and transcript of the hearing reflect otherwise. The Order states: "The Court therefore . . . concludes that Mr. Hamadani lacks standing to seek to vacate the Sale Order or to object to the Motion to Close." Then the Order states that the bankruptcy case is closed. Docket No. 1, Ex. 42; *see also* Transcript of November 22, 2011 hearing, pp. 13-14.

For all these reasons, the Court finds that the Bankruptcy Court did not err in finding that Appellant had no standing to challenge the sale or the closing of this bankruptcy estate.

---

[3] Appellant's complaint that his name was not listed as an equity holder on the Trustee's Disclosure Statement is without merit because he was no longer an equity holder.

[4] Whether the purchaser of Appellant's interest in the Debtor's assets defaulted on payment therefor is a separate issue, being litigated in the state court.

Even if he had standing, however, Appellant has represented that, at the time he transferred his ownership interest in the Debtor to Jayesh Patel, he was relying upon representations that the assets of the Debtor would be sold. Docket No. 1, Ex. 42, Ex. 2. Moreover, documents before the Bankruptcy Court evidenced the fact that Appellant knew about the bankruptcy and knew about the sale. *See* Order dated November 28, 2011 (Docket No. 1, Ex. 42) and exhibits attached thereto. As the Bankruptcy Court held, Appellant had actual notice of the sale.[5] The Court finds that the Bankruptcy Court's findings as to Appellant's notice of the bankruptcy and the sale are supported by the record and are not clearly erroneous.

The facts being as found by the Bankruptcy Court, the Bankruptcy Court's Order granting the Trustee's Motion to close the case and its Orders denying Appellant's Motion to Vacate and for a hearing are AFFIRMED.

Appellant also appeals the Bankruptcy Court's Order striking certain items from Appellant's designation of the record on appeal. The Court finds that the Bankruptcy Court is in the best position to know upon which documents it relied for its Orders. Appellant has failed adequately to explain how the Bankruptcy Court relied upon these documents, why the documents are relevant, or how he was injured by their exclusion, particularly given that he had no standing to challenge the Orders as set forth above.

Accordingly, the Bankruptcy Court's Order striking certain parts of Appellant's designation of the record is also AFFIRMED.

---

[5] *See* Docket No. 1, Ex. 42, Exs. 3 and 4 (documents filed in a related bankruptcy case in 2005, which were served upon Appellant and/or his counsel and which clearly indicate that Purvi is in bankruptcy). The Bankruptcy Court relied upon these documents as well.

With regard to the Trustee's Motion to Strike (Docket No. 12), the Court finds, again, that Appellant has failed to show that these document were relied upon by the Bankruptcy Court or that they are relevant and necessary to this appeal, particularly given that he had no standing as set forth above. Accordingly, the Trustee's Motion to Strike is GRANTED.

## CONCLUSION

For all these reasons, the Orders of the Bankruptcy Court at issue are AFFIRMED, and this appeal is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE